UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONIO DESHAWN ROBINSON, #345915,

             Petitioner,

v.
                                              ACTION NO.
                                              2:08cv122

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

             Respondent.


UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

I. STATEMENT OF THE CASE

A. Background

Petitioner Antonio DeShawn Robinson ("Robinson") was convicted in the Circuit Court of the City of Norfolk of first-degree murder and use of a firearm in the commission of a felony. He was sentenced to a term of 28 years imprisonment.

Robinson appealed his convictions to the Court of Appeals of Virginia on July 25, 2005. The

Court of Appeals denied his petition on October 27, 2005, and a three-judge panel of the court denied the appeal on February 23, 2006.   Robinson v. Commonwealth, Record No. 1086-05-1.   The Supreme Court of Virginia refused Robinson's petition for appeal on June 29, 2006 and refused his petition for rehearing on September 22, 2006.  Robinson v. Commonwealth, Record No. 060491.

On April 11, 2007, Robinson filed a habeas corpus petition in the Supreme Court of Virginia. By order dated August 27, 2007, the Supreme Court of Virginia denied and dismissed Robinson's petition.  Robinson v. Commonwealth, Record No. 070735.

Robinson, presently in the custody of the Virginia Department of Corrections at the Greenrock Correctional Center in Chatham, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 7, 2008.  On April 30, 2008, respondent filed a Rule 5 Answer and Motion to Dismiss. Robinson filed a response to the Motion to Dismiss on May 14, 2008.

## B. Grounds Alleged

Robinson asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     he was denied effective assistance of counsel due to his counsel's failure to:

(i)     present evidence of a self-defense defense, and

(ii)    consult with him prior to abandoning the defense of self-defense;

(b)     the trial court erred when:

(i)     it denied the defendant due process when it denied admission of evidence of the victim's prior behavior that would have supported a defense of self-defense,

(ii)    it sustained the Commonwealth's motion to bar presentation of evidence of self-defense, and

(iii)    it refused to give a self-defense instruction to the jury.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2008). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Robinson's claims are exhausted because they were presented to the Virginia Supreme Court either on direct appeal or in his state habeas corpus petition.

### B. Merits

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has explained that this statute "plainly sought to ensure a level of deference to the determinations of state courts, provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529

U.S. 362, 386 (2000) (internal quotations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

    1. Ineffective Assistance of Counsel

    In Ground (a), Robinson alleges he was denied effective assistance of counsel. The Virginia Supreme Court considered and denied Robinson's claim of ineffective assistance of counsel after determining it did not meet the controlling standard for ineffective assistance of counsel claims set forth in Strickland v. Washington, 466 U.S. 668 (1984). To grant Robinson relief, this Court must find that the Virginia Supreme Court's dismissal of Robinson's claims was an unreasonable application of Strickland. In applying Strickland, the state court correctly examined whether (1) Robinson's counsel lacked the competence demanded of counsel in criminal cases; and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Id. at 690, 694. The state court found neither prong of the test enunciated in Strickland had been met. This Court does not find the state court's application was unreasonable and recommends denial of Robinson's Ground (a).

    Robinson claims ineffective assistance of counsel because he alleges his attorney both failed to present evidence of self-defense and abandoned that defense without consulting with him. The Supreme Court of Virginia found that Robinson's counsel had in fact "argued forcefully" for the admission of evidence of the victim's prior acts that would support a defense of self-defense, but that the trial court had sustained the Commonwealth's objection as to its admissibility. The Supreme Court of Virginia also noted Robinson failed to articulate the existence of any additional evidence his counsel had failed to present that would have supported a theory of self-defense so as to render evidence of the victim's prior acts admissible. Because there is no indication from the record that the

state court's conclusions were contrary to, or involved an unreasonable application of, clearly established federal law or that its decision was based on an unreasonable determination of the facts, the Court recommends denial of Robinson's Ground (a).

2. <u>Trial Court Errors</u>

In Ground (b), Robinson claims the trial court committed several errors, denying him due process guaranteed by the Fourteenth Amendment.  The Court of Appeals of Virginia took up all three claims on direct appeal, holding that the trial court did not abuse its discretion.  The Virginia Supreme Court affirmed this decision when it denied Robinson's petition for appeal.  <u>Robinson v. Commonwealth</u>, Record No. 060491, slip op. at 1 (Va. June 29, 2006); <u>see also</u> <u>Saunders v. Reynolds</u>, 204 S.E.2d 421, 424 (Va. 1974) (acknowledging that a denial of a petition for appeal is a decision on the merits of a case).  This Court finds the state court's decision was not unreasonable and recommends denial of all three claims of trial court error.

Robinson asserts in Ground (b)(i) and (b)(ii) respectively that the trial court erred when it denied admission of the victim's prior conduct as evidence that Robinson acted in self-defense and when it sustained the Commonwealth's motion to deny the admission of evidence of self-defense.  On direct appeal, the Court of Appeals of Virginia found that Robinson did not present a sufficient evidentiary foundation for a defense of self-defense because the deadly force used was not reasonable or proportionate to the perceived threat.  Evidence presented at trial showed that Robinson shot the victim eight times, including multiple times after the victim had fallen to the ground and was attempting to crawl away.  Therefore, based on the evidence, the Court of Appeals of Virginia found that the trial court did not abuse its discretion in refusing to admit evidence of the victim's prior conduct toward Robinson.  <u>Robinson v. Commonwealth</u>, Record No. 1086-05-1, slip op. at 6 (Va. Oct. 27, 2005).

In Ground (b)(iii) Robinson asserts the trial court's decision not to give the jury a self-defense instruction was in error.  The Court of Appeals of Virginia found that the trial court did not err in denying the instruction.  The trial court found that "Viewing the evidence in the light most favorable to the appellant, it did not support the giving of a self-defense instruction. The amount of force used by appellant was unquestionably disproportionate to the perceived threat."  Robinson v. Commonwealth, Record No. 1086-05-1, slip op. at 7 (Va. Oct. 27, 2005).  Because there is no indication from the record that the state court's conclusions were contrary to, or involved an unreasonable application of, clearly established federal law or that its decision was based on an unreasonable determination of the facts, the Court recommends denial of Robinson's Ground (b).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Robinson's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Robinson's Grounds (a) and (b), should be DENIED because there is no indication from the record that the state court's conclusions were contrary to, or involved an unreasonable application of, clearly established federal law or that its decisions were based on an unreasonable determination of the facts.

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted

by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


_____ /s/

Tommy E. Miller
United States Magistrate Judge


Norfolk, Virginia
July 16, 2008

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:

    Antonio D. Robinson
    Greenrock Correctional Center
    P.O. Box 1000
    Chatham, Virginia 24531

    Gregory W. Franklin, AAG
    Office of the Attorney General
    900 East Main Street
    Richmond, Virginia 23219

                        Fernando Galindo, Clerk

                By _____
                   Deputy Clerk

                   July      , 2008